# In the United States Court of Federal Claims

No. 19-1218T

(Filed: December 3, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ANDRE PROVOST, JR. and
SHERI L. PROVOST,

              *Plaintiffs*,

v.

THE UNITED STATES,

              *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    Plaintiffs filed their complaint on August 15, 2019. Defendant timely filed a motion to dismiss for lack of jurisdiction on October 15, 2019. On October 21, 2019, the clerk's office received a Motion for Judgment on the Pleadings from the plaintiffs. The clerk's office did not file the document as it was unsure whether to treat it as a response to the government's motion to dismiss. We held the motion for judgment in chambers pending the filing, or not, of plaintiffs' response to the motion to dismiss. As of the date of this order, plaintiffs have not filed a response. After further examining plaintiffs' motion, we conclude that it is not responsive to defendant's motion nor was it intended to be. It is thus an untimely motion under Rule 12(c) and must be denied because the pleadings are not closed. *See* RCFC 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

    We need not further wait for a response to the motion to dismiss, which would be untimely in any event, because it is clear on the face of the complaint that this court is without jurisdiction to consider it. Although not easy to understand, the general nature of the action is plain enough: plaintiffs wish to challenge the imposition of a federal tax lien upon their properties in

California.  They allege violations of California and federal laws.  Behind those allegations is also the theory that the plaintiffs themselves, as residents of California, not the District of Columbia, are not subject to federal income tax.  They seek $950,000 as recompense for their trouble in dealing with the alleged illegal collection action against them.

Jurisdiction over challenges to federal tax liens lies exclusively in the district courts.  26 U.S.C. §§ 7426(a)(1), 7429 (2012).  Damages for failure to release a lien may be sought likewise only in district court.  *Id.* § 7432(a).  Other tort damages which plaintiff might be seeking are also outside of this court's jurisdiction.  *See* 28 U.S.C. § 1491(a) (2012) (excluding from this court's jurisdiction cases "sounding in tort").

Because plaintiffs' complaint does not identify a cause of action over which this court has jurisdiction, the complaint must be dismissed.  RCFC 12(h)(3).  Accordingly, the following is ordered:

1. Plaintiff's Motion for Judgment on the Pleadings is allowed filed and is denied as untimely.

2. Defendant's motion to dismiss is denied as moot.

3. Plaintiffs' complaint is dismissed for lack of jurisdiction.  The Clerk of Court is directed to enter judgment accordingly.  No costs.

ERIC G. BRUGGINK
Senior Judge